NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2561
_____

UNITED STATES OF AMERICA

v.

RAHEEM PHILLIPS,

Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal Action No. 05-cr-00491)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2010
_____

Before:  AMBRO, FISHER, and WEIS, Circuit Judges

(Opinion filed November 24, 2010)
_____

OPINION
_____

AMBRO, Circuit Judge

Raheem Phillips was found guilty of one count of possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1).  He received a sentence

enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and

was sentenced to 186 months of imprisonment, a five-year term of supervised release, and a special assessment of $100. Phillips challenges the sufficiency of the evidence supporting the jury's guilty verdict under Rule 29(a) of the Federal Rules of Criminal Procedure. We affirm his conviction.

While driving in West Philadelphia on the evening of December 22, 2004, Phillips was stopped by two Philadelphia police officers who noticed that his registration sticker was expired. Phillips pulled over, but when the officers pulled up next to him, he got out of his car and began to run up the street. The officers testified that Phillips pulled a handgun from his jacket pocket as he was running, eventually stumbled to the ground, and lost control of the firearm. The officers handcuffed him while he was on the ground and recovered the handgun from a grassy area near to where Phillips had fallen. The handgun was described on a property receipt submitted to the Philadelphia Police Department Firearms Identification Unit.

Phillips was found guilty of possession of a firearm by a convicted felon after a one-day jury trial. His only basis for appealing his conviction is his claim that there was insufficient evidence to support the jury's verdict finding him guilty.

In determining whether there was legally sufficient evidence to support a jury verdict, we ask whether "viewing the evidence in the light most favorable to the prosecutor, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). We must be "ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [the court's] judgment

for that of the jury." *United States v. Boria*, 592 F.3d 476, 480 (3d Cir. 2010) (internal citation omitted). *See also United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) ("We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence. 'It is not for us to weigh the evidence or to determine the credibility of witnesses.'") (internal citation omitted).

The statute under which Phillips was charged, § 922(g)(1), has three elements: (1) the defendant knowingly possessed a firearm; (2) it had passed in interstate commerce; and (3) the defendant had been convicted in court of a crime punishable by imprisonment for a term in excess of one year. We conclude that the Government introduced evidence that, "in the light most favorable to the prosecution," was sufficient to prove "the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

First, two police officers testified that Phillips possessed the gun at the time of his arrest. According to their testimony, Phillips had the gun in his hand immediately prior to his arrest and he dropped the gun as he tripped and fell to the ground while running from the officers. Although Phillips denied possession of the gun when he testified in his defense at trial, the jury was entitled to credit the officers' testimony and discredit that of Phillips.[1] It is not for us to re-evaluate a credibility determination made by the jury unless the "credibility determination was incredible as a matter of law." *United States v. Saulter*, 60 F.3d 270, 275 (7th Cir. 1995). That is not so here.

---

[1] The Government did not have to prove that Phillips owned the firearm, but simply that it was in his possession. *See United States v. Mains*, 33 F.3d 1222, 1228 (10th Cir. 1994).

Second, experts from the Bureau of Alcohol, Tobacco, Firearms and Explosives and the Philadelphia Police Department Firearms Identification Unit testified regarding the gun. It was confirmed to be an Israeli Military Industries Desert Eagle, manufactured in Israel and imported into the United States by a company located in Minnesota. The Government only had to prove that the gun seized had been in U.S. interstate commerce at some time in the past. *See Scarborough v. United* states, 431 U.S. 563, 575 (1977); *United States v. Singletary*, 268 F.3d 196, 200 (3d Cir. 2001) ("the transport of a weapon in interstate commerce, however remote in the distant past, gives its present intrastate possession a sufficient nexus to interstate commerce to fall within the ambit of the statute"). The jury had sufficient evidence before it to conclude that the gun Phillips possessed had traveled in foreign and interstate commerce, satisfying the second element of the statute.

Third, Phillips stipulated to his status as a felon, satisfying the final element of the statute. He does not dispute that this element was proven at trial.

Phillips asks us to upset the jury's verdict based on his view of the credibility of the witnesses at trial. However, the jury was entitled to credit the prosecution's witnesses and had sufficient evidence before it to find that the Government proved all three elements of the statute beyond a reasonable doubt. Phillips has presented no other arguments on appeal. Therefore, his challenge to the sufficiency of the evidence fails and we affirm his conviction.

4